UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MISTY D. BROWN,

        Plaintiff,

    v.

DAVID STEINER,

        Defendant.

Case No.  25-cv-10040-AGT

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 20

The Court grants United States Postmaster General David Steiner's motion to dismiss Plaintiff Misty Brown's complaint, with leave to amend. In evaluating the motion, the Court didn't consider new allegations alleged for the first time in the opposition. *Canatella v. Castro*, No. 13-CV-05937-HSG, 2015 WL 5818070, at *5 (N.D. Cal. Oct. 6, 2015).

1.    <u>Failure to Accommodate Claim</u>

Brown hasn't plausibly alleged that her employer, the United States Postal Service (USPS), failed to accommodate her disability. She stopped working in 2014 due to depression and hasn't identified any accommodation that would allow her to return. Dkt. 14, FAC ¶¶ 15–16. USPS needn't accommodate her disability through an indefinite, decade-long leave of absence when Brown never appears to have stated "when and under what conditions [she] could return to work." *Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006).

2.    <u>Discrimination Claim</u>

Brown hasn't pleaded disability discrimination. As alleged, USPS occasionally issued notices of proposed separation or notices of absence when it believed Brown hadn't

provided sufficient medical documentation to continue her leave, to which Brown often responded by challenging USPS and pointing to medical records she had submitted. FAC ¶¶ 17–19, 22–28. On one occasion in 2018, a supervisor also incorrectly wrote on a workers' compensation form that Brown had "not been employed with USPS since October 9, 2014," even though she remained on medical leave. *Id.* ¶ 20.

Brown contends that these incidents were discriminatory, but her back-and-forth with USPS over medical records and USPS's erroneous form, which didn't result in Brown losing workers' compensation benefits, don't plausibly suggest disability discrimination. Brown hasn't identified how these incidents "materially affect[ed] the compensation, terms, conditions, or privileges of [her] employment," as she must do to plead disability discrimination. *Lau v. Mayorkas*, No. 21-CV-04756-TLT, 2025 WL 1482385, at *6 (N.D. Cal. Jan. 27, 2025) (quoting *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008)).

### 3.  Retaliation Claim

Brown alleges that USPS retaliated against her after she initiated union grievances, arbitration, and EEOC proceedings. FAC ¶ 56. She hasn't, however, identified any "adverse employment action"—i.e., an action that "materially affect[ed] the compensation, terms, conditions, or privileges of employment"—that USPS took because of her "protected activity." *Davis*, 520 F.3d at 1089, 1094 (quoting another source). She cannot plead retaliation without an adverse employment action. *See id.* at 1093–94.

### 4.  Hostile Work Environment Claim

Brown hasn't identified any "verbal or physical conduct of a harassing nature," as needed to maintain this claim. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (quoting another source).

5.    <u>Procedural Due Process Claim</u>

Lastly, Brown hasn't plausibly alleged that USPS violated the Fifth Amendment's Due Process Clause, or a regulation governing EEOC investigations, 29 C.F.R. § 1614.108, when it engaged in "procedural misconduct" during EEOC proceedings. FAC ¶ 66; *see id.* (alleging that USPS withheld evidence, challenged the admissibility of Brown's evidence, and failed to interview one of Brown's former employees).

Brown hasn't identified any protected "liberty" or "property" interest that she lost from USPS's alleged misconduct, as necessary to maintain this claim. *Regino v. Staley*, 133 F.4th 951, 966 (9th Cir. 2025) (quoting another source). The EEOC oversaw the investigation, not USPS; and "[t]he EEOC's negligence or inaction in [its] internal [proceedings] . . . has no determinative consequences because such actions are merely preparatory to a lawsuit [filed] . . . in federal district court." *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983).

6.    <u>Leave to Amend Complaint</u>

Because Brown is proceeding pro se and an amendment may not be futile, the Court will give her leave to amend her complaint. If she intends to file an amended complaint, she must file it by June 19, 2026. If she doesn't file an amended complaint by then, the Court will dismiss her claims with prejudice. The hearing on the motion to dismiss is vacated. The initial case management conference is continued to August 14, 2026.

**IT IS SO ORDERED.**

Dated: May 19, 2026

Alex G. Tse
United States Magistrate Judge